IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO WILLIAMS,

    Plaintiff,                    No. CIV S-10-1292 KJM P

    vs.

ALVARO C. TRAQUINA, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He has filed a motion for the appointment of counsel and an expert witness to support his claims of deliberate indifference in the face of a motion to dismiss.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

/////

1       The expenditure of public funds on behalf of an indigent litigant is proper only
2 when authorized by Congress.  <u>Tedder v. Odel</u>, 890 F.2d 210 (9th Cir. 1989).  The in forma
3 pauperis statute does not authorize the expenditure of public funds for expert witnesses.  <u>See</u> 28
4 U.S.C. § 1915.

5       IT IS THEREFORE ORDERED that plaintiff's motion for the appointment of
6 counsel and an expert witness (docket no. 17) is denied.

7 DATED: November 18, 2010.

                                                U.S. MAGISTRATE JUDGE

10 2
11 will1292.exp