IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

    Plaintiff,                        No. S-10-1292 CKD P

    vs.

YUAN CHEN, et al.,

    Defendants.                <u>ORDER</u> <u>AND</u>

                                            <u>FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the original complaint, filed May 25, 2010. (Dkt. No. 1.) On July 6, 2010, the previously assigned magistrate judge ruled that the complaint stated a cognizable Eighth Amendment claim as to defendant Chen. (Dkt. No. 5.) Pending before the court is defendant's October 12, 2010 motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 13, hereinafter "Mot.") Plaintiff filed an opposition to the motion, and defendant filed a reply. (Dkt. Nos. 15, 16.)

        For the reasons set forth below, the undersigned will recommend that defendant's motion to dismiss be granted.

BACKGROUND

Plaintiff, an inmate at California State Prison-Solano, alleges that on May 21, 2009, he had surgery on his lumbar spine at Queen of the Valley Medical Center in Napa, California. (Dkt. No. 1 (hereinafter "Cmplt."), Supporting Facts at 1; see also Dkt. No. 13-1 at 3[1].) Back at CSP-Solano, per his surgeon Dr. Huffman's recommendation, a comprehensive accommodation chrono dated May 29, 2009 stated that plaintiff was to be provided with a cane and a mobility vest for six weeks. (Cmplt., Supporting Facts at 1; Dkt. No. 13-1 at 4.) Plaintiff alleges that, over the next two months, he informed defendant Chen many times that he had not received his cane and vest. (Cmplt., Supporting Facts at 1.) Plaintiff alleges in his opposition that Dr. Chen always replied that "he [was] waiting for supplies." (Dkt. No. 15 (hereinafter "Opp.") at 6.) Plaintiff did not receive his cane and mobility vest until July 26, 2009, approximately two months after his surgery. (Id. at 5; see Dkt. No. 13-1 at 29 (inmate appeal decision granting plaintiff's request for medical supplies)).

Petitioner alleges that, as a result of this two-month delay, he suffered "pain, humiliation, emotional and mental stress, and harassment." (Opp. at 6.) He asserts that he "still continues to have pain and back spasms and tightness and continues to be treated by Dr. Chen and medical staff." (Id. at 8.) However, documents submitted with the complaint indicate that, at a June 8, 2009 follow-up appointment with Dr. Huffman, petitioner was reported to be "doing quite well and notes relief of his leg symptoms and minimal back pain." Dr. Huffman advised "him . . . just gradually return to his regular activities slowly to the point in about two months when he is back to normal activities." (Dkt. No. 13-1 at 5.) Similarly, a report summarizing plaintiff's August 29, 2009 consultation with Dr. Huffman notes that plaintiff 'has been doing quite well.

---

[1] Dkt. No. 13-1 consists of copies of relevant pages from exhibits attached to the complaint. A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes. Fed. R. Civ. P. 10(c). A court may consider documents attached to the complaint without converting a Rule 12(b)(6) motion to dismiss to a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

He continues to report no significant leg symptoms.  His back has only occasional mild twinges of pain.  He has returned to doing normal physical activities including sit-ups, light weight squats and other activities." (Dkt. No. 13-1 at 8.)  Dr. Huffman further reported that plaintiff was healing from surgery "as expected. Nothing inappropriate." (Id.)  These follow-up reports do not mention plaintiff's failure to receive his cane or mobility vest, or any effects stemming from same.

## DISCUSSION

I. Legal Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by

3

1  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

2  The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

II.  Eighth Amendment Claim

Plaintiff's cause of action against defendant is for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment.

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's known serious medical needs.  Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). To establish deliberate indifference, an individual defendant must have "purposefully ignore[d] or fail[ed] to respond to a prisoner's pain or possible medical need." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." Id. at 1059.  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).  Furthermore, where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have

4

known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.  Mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

        Here, defendant concedes that plaintiff's recovery from back surgery constituted a serious medical need. (Mot. at 5.)  Thus, the question is whether Dr. Chen was deliberately indifferent to this need.  Construing the pleading in the light most favorable to plaintiff, the court does not find that Dr. Chen's assertions that he was "waiting for these supplies" supports a constitutional claim of deliberate indifference.  Rather, Dr. Chen seems to have been alluding to events outside his control, as described in a October 14, 2009 response to plaintiff's second-level appeal, which stated that "every effort is being made to insure that inmates receive their medical appliances in a timely manner.  However, there are times when situations occur that are beyond the control of the medical department, (such as vend[o]r back log, supply availability, etc. . . )."  (Dkt. No. 13-1 at 36.)

        Moreover, plaintiff's allegations that he suffered significant harm from the two-month delay are belied by the record before the court.  In the months following plaintiff's back surgery, plaintiff's surgeon consistently reported that plaintiff was recovering well.  Dr. Huffman never mentioned the fact that plaintiff did not immediately receive a cane and mobility vest, nor any ill effects resulting from the delay.  Nor do plaintiff's allegations support a causal link between any mental or emotional pain he suffered, or the fact that he is receiving ongoing medical care for his back, and the fact that he did not receive a cane and mobility vest until July 2009.  Thus, the court will recommend that defendant's motion to dismiss the complaint for failure to state a claim be granted.

III.  Plaintiff's Motions

        On February 23, 2011, while the instant motion to dismiss was pending, plaintiff filed a motion for summary judgment.  (Dkt. No. 20.)  Defendant filed an opposition, asserting that the summary judgment motion was premature pursuant to Rule 56(d) of the Federal Rules of

Civil Procedure. (Dkt. No. 22.) Plaintiff subsequently filed a motion seeking a default judgment against defendant for failing to substantively respond to his summary judgment motion. (Dkt. No. 23.)

Although Rule 56 allows a motion for summary judgment to be filed "at any time," Rule 56 also allows the court to issue an order, as is just, denying the motion or ordering a continuance for the opposing party to pursue discovery. Fed. R .Civ. P. 56. Here, defendant is entitled to an opportunity to pursue discovery before responding to a summary judgment motion. Defendant has not yet filed an answer, and a discovery order has not issued. Thus, defendant has not had a meaningful opportunity to conduct discovery. See Moore v. Hubbard, 2009 WL 688897 at *1 (E.D. Cal., Mar. 13, 2009) ("Plaintiff's [summary judgment] motion is premature, as discovery has not yet begun, defendants have not yet filed an answer and the court has yet to issue a discovery and scheduling order. Thus, defendants have not been given an opportunity to discover any facts or information necessary in drafting an opposition. Thus, plaintiff's motion is denied as premature. Furthermore, defendants have filed a motion to dismiss, which is properly before the court.") Accordingly, the court will deny plaintiff's summary judgment motion as premature. It follows that the court will also deny plaintiff's motion for entry of a default judgment.

Plaintiff has also requested the appointment of counsel. (Dkt. No. 26.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel therefore will be denied

\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court assign a district judge to this action;

2. Plaintiff's February 23, 2011 motion for summary judgment (Dkt. No. 20) is denied as premature;

3. Plaintiff's March 21, 2011 motion for entry of default (Dkt. No. 23) is denied; and

3. Plaintiff's June 6, 2011 motion to appoint counsel (Dkt. No. 26) is denied.

IT IS HEREBY RECOMMENDED that defendant's October 12, 2010 motion to dismiss (Dkt. No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 16, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will1292.mtd