IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,                                   No. 2:10-cv-01292-MCE-CKD P

       Plaintiff,

  vs.                                                                    ORDER

YUEN CHEN, et al.,

       Defendants.

_____/

      On September 30, 2011, this action was dismissed and judgment was entered. On October 13, 2011, plaintiff filed a notice of appeal. On November 8, 2011, this court ordered that plaintiff's in forma pauperis status be revoked pursuant to Federal Rule of Appellate Procedure 24(a). Pending before the court is plaintiff's November 23, 2011, request for reconsideration of the order revoking in forma pauperis status.

      A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation.

1

Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Nonetheless, in certain limited circumstances, a court has discretion to reconsider its prior decisions.

A timely filed motion for reconsideration under a local rule is construed as a motion to alter or amend a judgment under Rule 59(e). Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995). A motion for reconsideration is treated as a Rule 59(e) motion if filed within ten days of the judgment being entered, but as a Rule 60(b) motion if filed more than ten days after judgment. See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

Absent "highly unusual circumstances," reconsideration pursuant to Rule 59(e) is appropriate only where 1) the court is presented with newly discovered evidence; 2) the court committed clear error or the initial decision was manifestly unjust; or 3) there is an intervening change in controlling law. School Dist. No. 1J, Multnomah County v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citations and quotations omitted). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 59(e). Motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. Turner v. Burlington Northern Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

Here, plaintiff has failed to demonstrate any new or different facts or circumstances which did not exist or were not shown previously.

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 23, 2011 (ECF No. 41), motion for reconsideration is DENIED.

Dated: January 11, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE